## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LEE EDWARD WILLIAMS,**

**Petitioner,**

**v.**                                           **CASE NO. 25-3188-JWL**

**TOMMY WILLIAMS, ET AL[1].,**

**Respondents.**

## <u>MEMORANDUM AND ORDER</u>

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kansas prisoner Lee Edward Williams to challenge his 2016 state-court convictions. (Doc. 1, p. 1.) When he filed the petition, Petitioner also submitted a motion for leave to proceed in forma pauperis, but he did not submit the financial information required to support the motion. Thus, on September 15, 2025, the Court issued a notice of deficiency directing Petitioner to do so. (Doc. 5.) Petitioner timely complied with the notice of deficiency. (Doc. 6.) The Court has reviewed Petitioner's motions and financial information and will grant Petitioner leave to proceed in forma pauperis.

The Court also has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and has identified deficiencies that leave this matter subject to dismissal in its entirety. Petitioner will be granted time in which to file a complete and proper amended petition that cures these deficiencies, which are discussed

---

[1] In addition to Warden Tommy Williams, Petitioner has named Derek Schmidt, in his role as the former Attorney General for the State of Kansas, as a Respondent in this action, but the sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Derek Schmidt, the former Attorney General for the State of Kansas, is hereby terminated as a Respondent.

below. Also before the Court is Petitioner's motion to stay this matter and hold it in abeyance, which will be denied without prejudice.

## Background

In May 2016, a jury in Wyandotte County, Kansas convicted Petitioner of first-degree premeditated murder and criminal possession of a firearm. (Doc. 1, p. 1-2.) The state district court sentenced him to life in prison without the possibility of parole for 25 years for the murder conviction and a consecutive sentence of 20 months in prison for the criminal possession of a firearm conviction. *Id.* at 1; *see also State v. Williams*, 308 Kan. 1320, 1323 (2018) (*Williams I*). Petitioner appealed to the Kansas Supreme Court (KSC), arguing that prosecutorial error, racial discrimination during jury selection, the admission at trial of certain autopsy photographs, and cumulative error required reversal of his convictions and sentences. *Williams I*, 308 Kan. at 1321. In an opinion issued on October 26, 2018, the KSC affirmed. *Id.* at 1320-21. Petitioner advises that he filed a petition for writ of certiorari in the United States Supreme Court that was denied on January 30, 2019. (Doc. 1, p. 3.)

On October 23, 2019, Petitioner filed in state district court a petition for habeas corpus relief under K.S.A. 60-1507. *Id.* The state district court summarily denied the motion and, on appeal, the Kansas Court of Appeals (KCOA) affirmed the denial. *Id.*; *see also Williams v. State*, 2025 WL 573882, *1 (Kan. Ct. App. Feb. 21, 2025) (unpublished) (*Williams II*), *rev. denied* July 31, 2025. The KSC denied Petitioner's petition for review on July 31, 2025.

On September 12, 2025, Petitioner filed in this Court the petition for federal habeas relief that began this case. (Doc. 1.) Therein he raises nine grounds for relief. In Ground One, Petitioner asserts that he was denied his constitutional right to a fair trial when he "was denied his right to call witness and proffer evidence in his right to call witness[,] the most basic and fundamental right

vested him by the VI XIV Amendment to the U.S. Constitution." (Doc. 1, p. 5 (all errors in original).) In the space on the required form for stating the facts that support Ground One, Petitioner has written, "Supporting facts are set forth in the accompanying memorandum of law in support of Petition for Writ. Statement of facts pages through and Ground One Pages through [*sic*]." *Id.* For Grounds Two, Three, and Four, Petitioner similarly filled out the portion of the required form complaint that identifies the constitutional violations he asserts, but the portions for stating the supporting facts merely refer the reader to a separate memorandum. *Id.* at 6, 9-10. Pages attached to the form complaint restate the legal basis for Grounds One through Four and assert the same for Grounds Five, Six, Seven, Eight, and Nine. *Id.* at 15-18. The attached pages state some supporting facts for those grounds, but they do not include other required information, such as whether those grounds were exhausted in state court. *Id.*

Submitted with the petition was a 22-page document that is titled "Memorandum of Law in Support of 28 U.S.C. § 2254," hereinafter referred to as "the memorandum." (Doc. 2.) The memorandum includes a 6-page recitation of the procedural and factual background of the case, some standards of review, and discussions of the facts and legal argument supporting each ground. *Id.* The information in the memorandum will be discussed further below. As relief in this case, Petitioner seeks the appointment of counsel, an evidentiary hearing to prove his actual innocence, an order vacating or reversing his convictions and sentences, and an order for his immediate release. (Doc. 1, p. 14.)

## Rule 4 Standards of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### Use of the Required Form Petition

As an initial matter, the Court finds that Petitioner has failed to properly use the required, court-approved form to file his petition. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts states:   "The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (or 28 U.S.C. § 2241) must be filed on "forms approved by the court." *See* D. Kan. Rule 9.1(a). Although Petitioner has filed his petition on the required form, he has not followed the instructions within the form.

The required form instructs petitioners to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States" and to "[s]tate the facts supporting each ground." (Doc. 1, p. 5.) For each asserted ground, the form further instructs: "Do not argue or cite law. Just state the specific facts that support your claim." *Id.* at 5-6, 8-9. Yet, as noted above, Petitioner has not stated any facts in those portions of the form, instead referring the reader to the memorandum, which presents the facts and legal arguments together. In addition, for Grounds Five through Nine, which are asserted in pages attached to the petition, Petitioner has not set out the information required in the form regarding the exhaustion of each ground for relief. *See id.* at 15-18.

4

Rather than dismissing this matter for failure to properly use the required form, the Court will grant Petitioner time in which to submit a complete and proper amended petition, on the required form, that includes all of the information required by the form. Petitioner must attempt to provide on the form or pages attached to the form all of the information required. He may submit a supporting memorandum, but the form must do more than refer the reader to that memorandum. If Petitioner fails to file a complete and proper amended petition on the required form that sets out the information requested therein, this matter will be dismissed without prejudice without further prior notice to him. Because the Rule 4 review of the petition revealed additional deficiencies that leave certain grounds subject to dismissal, the Court will identify them here. Petitioner should ensure that these deficiencies are cured in any amended petition he chooses to file or he risks dismissal of the deficient grounds without further prior notice to him.

**Habeas Rule 2(c)**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'"

or whether the petition should be summarily dismissed under Habeas Corpus Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citation omitted). This requires the allegations to be clear enough that the respondent will be able to address them.

The Court cannot determine from the filings now before it the specific factual basis for Grounds One, Two, Three, Four, or Seven or the specific constitutional violation being alleged in each. For example, in the form petition, Petitioner asserts that Ground One is based on the denial of his right to a fair trial, his right to call witnesses, and his right to proffer evidence, which Petitioner refers to as "the most basic and fundamental right[s] vested [in] him by the [Sixth] and [Fourteenth] Amendment[s] to the U.S. Constitution." (Doc. 1, p. 5.) This language is repeated in the memorandum, and the Court presumes that the argument that follows this language is meant to relate to Ground One, although it is not clearly labeled as such. (Doc. 2, p. 9.) In the memorandum, however, it appears that Petitioner argues in Ground One that the denial of these rights was due to the ineffective assistance of trial counsel. *See id.* at 9-10. Thus, it is unclear whether Ground One, at its core, asserts a violation of the right to effective assistance of counsel, the right to call witnesses, or another right found in the Sixth Amendment.

The constitutional violation asserted in Ground Two is similarly unclear. In both the form petition and the memorandum, Petitioner states Ground Two as alleging "prosecutorial error misconduct by acting over[]zealous to obtain a conviction of an innocent man in violation of the [Sixth] and [Fourteenth] Amendment[s] to the U.S. Constitution." (Doc. 1, p. 6; Doc. 2, p. 11.) But the facts asserted in the memorandum in support of Ground Two are:

> On 10-23-2019, Williams filed a K.S.A. 60-1507 motion and accompanying memorandum of law alleging ineffective assistance of trial and appellate counsel as well as prosecutorial misconduct. [Citation omitted.] With two supplement on May 18, 2020 memorandum support; 3-31-21 Amendment motion memorandum

6

> The District Court erred in not reversing based upon this and adopted the State's response as it's own. Clearly the State would defend its own action and the state court should have gave it's own opinion[.] Unfortunately the post conviction appellate counsel abandoned this issue over Petitioner's pleading to brief it. See Ground Six (ii) (iii) Ground Five[.]

(Doc. 2, p. 11-12 (all errors in original).) Even liberally construed, there is nothing in this language that relates to prosecutorial misconduct or asserts a constitutional violation. Thus, the constitutional violation on which Ground Two rests is unclear. Similar confusion exists with respect to Grounds Three, Four, and Seven.

Although the Court liberally construes the petition since Petitioner is proceeding pro se, it cannot search the record or construct legal arguments for Petitioner. *See James*, 724 F.3d at 1315; *Garrett*, 425 F.3d at 840. For the reasons stated above, Grounds One, Two, Three, Four, and Seven do not comply with Rule 2(c). If Petitioner files an amended petition in this matter, he must clearly identify the constitutional violation on which each ground is based and he must allege—in the form petition itself—the specific facts that support each ground. He must do so in a way that makes clear to the Court and to Respondent the basis for each ground. If Petitioner files an amended petition, any grounds therein that fail to comply with Rule 2(c) will be subject to dismissal without further prior notice to Petitioner.

### Failure to State a Claim upon which Federal Habeas Relief Can Be Granted

Liberally construed, Ground Two may be intended to assert a claim that Petitioner's actual innocence entitles him to federal habeas relief. Similarly, Ground Nine of the petition asserts: "Petitioner is actually and factually innocent. [T]he need to prevent a manifest injustice and fundamental fairness require remedy in the fashion of evidentiary hearing, new trial, reversal of conviction and discharge from unlawful restraint and any other remedy of law this court deems just, fair and proper." (Doc. 1, p. 18; Doc. 2, p. 22 (all errors in original).) The argument that

Petitioner is factually innocent, even if true, fails to state a claim upon which federal habeas relief may be granted.

"The Supreme Court has repeatedly sanctioned" actual innocence claims as creating an exception to the federal habeas statute of limitations, but it

> has never recognized freestanding actual innocence claims as a basis for federal habeas relief. To the contrary, the Court has repeatedly rejected such claims, noting instead that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings."

*Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). Even more clearly, the Tenth Circuit has stated that a "claim of actual innocence does not serve as the basis for granting habeas relief." *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022). Thus, Ground Nine and any portion of Ground Two intended to seek federal habeas relief based on Petitioner's actual innocence are subject to dismissal under Rule 4.

Ground Four asserts that "Petitioner was denied his speedy trial right to K.S.A. 22-3402(a) 90 day speedy trial in violation of his right vested by the VI and XIV Amendment to the U.S. Constitution." (Doc. 1, p. 10; Doc. 2, p. 14 (all errors in original).) Despite the general citation to the Sixth and Fourteenth Amendments, the facts and argument in the memorandum focus on the rights guaranteed by K.S.A. 22-3402(a), while also alleging that the state court lacked jurisdiction over Petitioner. (Doc. 2, p. 14-15.) The interpretation of Ground Four as seeking relief due to the violation of a Kansas statute is supported by the reference in the petition to a 90-day period.

The version of K.S.A. 22-3402(a) in effect when Petitioner's crimes of conviction were omitted stated: "If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the

8

delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e)." K.S.A. 2012 Supp. 22-3402(a). In contrast, the 90-day period is not a part of the analysis of a speedy trial claim brought under the Sixth Amendment. Rather, the four factors that must be considered in a Sixth Amendment speedy trial claim are: "'(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.'" *United States v. Gutierrez*, 133 F.4th 999, 1003 (10th Cir. 2025) (citation omitted). There is no mention of a 90-day period. Thus, the petition in this matter appears to assert the violation of a Kansas statute that guarantees a speedy trial.

"Federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) (quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)). Under this authority, a claim that the State violated K.S.A. 22-3402(a)'s guarantee of a speedy trial, even if legally sound, cannot lead to federal habeas relief. *See Strong v. Heimgartner*, 2020 WL 816040, at *4 (D. Kan. 2020), *cert. of app. denied* 818 F. App'x 798 (10th Cir. 2020) (finding that petitioner raised a claim under Kansas's speedy trial statute, and not under the Sixth Amendment); *Blaurock v. Kansas*, 686 F. App'x 597, 612–13 (10th Cir. 2017) (unpublished) (noting claim that speedy trial rights under K.S.A. 22-3402 were violated presents issues of state law that are not cognizable on federal habeas review). Ground Four is subject to dismissal for failure to state a claim on which federal habeas relief could be granted.

Ground Seven, in part, seeks relief based on allegedly ineffective assistance of appellate counsel in Petitioner's K.S.A. 60-1507. "The ineffectiveness or incompetence of counsel during

Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Thus, to the extent that Ground Seven seeks federal habeas relief because of the ineffective assistance of K.S.A. 60-1507 counsel, it is subject to dismissal for failure to state a claim on which federal habeas relief could be granted. If Petitioner files an amended petition in this matter, he should ensure that it includes only grounds on which federal habeas relief could be granted.

### Exhaustion

Finally, Petitioner is reminded that "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

The information provided in the petition now before the Court is inconsistent on whether each ground has been exhausted. For example, with respect to Ground One, Petitioner first says that he raised and exhausted this issue in his direct appeal. (Doc. 1, p. 5.) Later in the petition, however, Petitioner states that "Grounds 1, 2, 3, 4, 5, 6, 7, 8, [and] 9" are not exhausted and are being presented in a pending K.S.A. 60-1507 motion. *Id.* at 11. Similarly, the motion to stay and

hold in abeyance Petitioner filed with his petition asserts that the petition contains both exhausted and unexhausted claims and that he "has filed a K.S.A. 60-1507 . . . to fully exhaust his unexhausted claims presented in his 28 U.S.[C. §] 2254 [petition] pending before[e] this court." (Doc. 4, p. 1.)

The motion to stay and hold in abeyance (Doc. 4) is nearly identical to a motion to stay and hold in abeyance Petitioner filed in 2021 in his previous § 2254 action in this Court, which was dismissed without prejudice so that Petitioner could exhaust his state remedies. *See Willams v. Cline*, Case No. 21-cv-3148-SAC, Doc. 3. The proceeding referred to in the motion filed in the previous federal habeas matter has now concluded and the publicly available online records of the Kansas district courts do not reflect that Petitioner has any currently pending K.S.A. 60-1507 proceedings. Thus, the motion to stay and hold in abeyance will be denied without prejudice to refiling. If Petitioner is *currently* attempting to exhaust in state court any grounds asserted in this federal habeas matter, he should include in any future motion to stay and hold in abeyance the state-court case number of those proceedings. In addition, Petitioner should ensure that any grounds for relief asserted in his amended petition are exhausted and, if they are not, that he provides an explanation as to why they are not.

### Conclusion

In conclusion, Petitioner's motions for leave to proceed in forma pauperis (Docs. 3 and 6) will be granted. His motion to stay and hold in abeyance (Doc. 4) will be denied without prejudice to refiling with additional information. The Court has conducted the required Rule 4 review of the petition that began this case and concludes that Petitioner must file an amended petition, on the required, court-approved form. The amended petition must provide on the form the information requested therein and Petitioner should not use the form merely to refer the reader to a separate

memorandum. Petitioner may attach additional pages to the form as necessary and he must provide for each asserted ground for relief the information regarding the asserted constitutional violation, the supporting facts that show the violation, and whether the claim was exhausted in the state appellate courts. The grounds for relief must state a basis on which federal habeas relief can be granted and must comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner will be granted time in which to file his amended petition. If he fails to file an amended petition, this matter will be dismissed without prejudice for failure to properly utilize the required form petition. If Petitioner timely files an amended petition, the Court will conduct the Rule 4 review of the amended petition and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that the clerk is directed to terminate Derek Schmidt as Respondent in this action.

**IT IS FURTHER ORDERED** that the motions for leave to proceed in forma pauperis (Docs. 3 and 6) are **granted.**

**IT IS FURTHER ORDERED** that the motion to stay and hold in abeyance (Doc. 4) is **denied without prejudice** to refiling with additional information.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including November 3, 2025, in which to file an amended petition in this matter that cures the deficiencies identified in this order. The clerk is directed to send § 2254 forms and instructions to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 2nd day of October, 2025, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

12