IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE EDWARD WILLIAMS,

                Petitioner,

      v.                                                CASE NO. 25-3188-JWL

TOMMY WILLIAMS,

                Respondents.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kansas prisoner Lee Edward Williams to challenge his 2016 state-court convictions. (Doc. 1, p. 1.) Petitioner proceeds in forma pauperis. (Doc. 7.) It comes now before the Court on Petitioner's amended petition (Doc. 11) and his motion to stay this matter and hold it in abeyance. (Doc. 12.) For the reasons explained below, the motion to stay will be denied without prejudice. Petitioner will be granted time in which to file a complete and proper second amended petition that includes all grounds for relief from his 2016 convictions that he wishes to pursue in this matter.

Background

      In May 2016, a jury in Wyandotte County, Kansas convicted Petitioner of first-degree premeditated murder and criminal possession of a firearm. (Doc. 1, p. 1-2.) The state district court sentenced him to life in prison without the possibility of parole for 25 years for the murder conviction and a consecutive sentence of 20 months in prison for the criminal possession of a firearm conviction. *Id.* at 1; *see also State v. Williams*, 308 Kan. 1320, 1323 (2018) (*Williams I*). Petitioner appealed to the Kansas Supreme Court (KSC), which affirmed his convictions in an opinion issued on October 26, 2018. *Williams I*, 308 Kan. at 1320-21. Petitioner filed a petition

for writ of certiorari in the United States Supreme Court, which was denied on January 30, 2019. (Doc. 1, p. 3.)

On October 23, 2019, Petitioner filed in state district court a petition for habeas corpus relief under K.S.A. 60-1507. *Id.* The state district court summarily denied the motion and, on appeal, the Kansas Court of Appeals (KCOA) affirmed the denial. *Id.*; *see also Williams v. State*, 2025 WL 573882, *1 (Kan. Ct. App. Feb. 21, 2025) (unpublished) (*Williams II*), *rev. denied* July 31, 2025. The KSC denied Petitioner's petition for review on July 31, 2025.

On September 12, 2025, Petitioner filed in this Court the petition for federal habeas relief that began this case. (Doc. 1.) The petition raised nine grounds for relief. Submitted with the petition was a 22-page document that is titled "Memorandum of Law in Support of 28 U.S.C. § 2254," hereinafter referred to as "the memorandum." (Doc. 2.) The memorandum included a 6-page recitation of the procedural and factual background of the case, some standards of review, and discussions of the facts and legal argument supporting each ground. *Id.* As relief, Petitioner sought the appointment of counsel, an evidentiary hearing to prove his actual innocence, an order vacating or reversing his convictions and sentences, and an order for his immediate release. (Doc. 1, p. 14.)

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which are hereinafter called "the Habeas Rules," the Court must review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v.*

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

The Court conducted the Rule 4 review of the petition and, on October 2, 2025, issued a memorandum and order ("M&O") explaining that Petitioner's failure to include all of the information required on the court-approved form violated Rule 2(d) of the Habeas Rules. *Id.* at 4. In addition, for Grounds Five through Nine, which were asserted in pages attached to the petition, Petitioner did not set out the information required about the exhaustion of each ground for relief. *Id.* Rather than dismissing this matter for failure to properly use the required form, the M&O granted Petitioner time in which to submit a complete and proper amended petition, on the required form, that includes all of the information required by the form. *Id.* at 5.

In the M&O, the Court also identified additional deficiencies so that Petitioner could ensure that they did not occur in the amended petition. First, the Court noted that the initial petition failed to comply with Rule 2(c) of the Habeas Rules, which left the Court unable to determine the specific factual basis for and constitutional violation being asserted in several grounds in the petition. *Id.* at 5-7. Next, the Court explained that other grounds in the petition asserted claims for which habeas relief is not available as a matter of law. *Id.* at 7-10. Finally, the M&O pointed out that the information in the petition about exhaustion was internally inconsistent and was inconsistent with the information in Petitioner's pending motion to stay this matter and hold it in abeyance. *Id.* at 10-11. The Court reminded Petitioner that he should ensure that any grounds for relief asserted in his amended petition are exhausted or that he explains why they are not. *Id*. at 11.

As noted above, Petitioner has now timely filed his amended petition (Doc. 11) and a second motion to stay this matter and hold it in abeyance (Doc. 12). Due to the nature of the motion

3

to stay and the information contained therein, the Court will address the motion first.

**Motion to Stay and Hold in Abeyance (Doc. 12)**

Petitioner acknowledges that, in this case, he may challenge the judgment entered by only one state court. (Doc. 12, p. 1.) This restriction is based on Rule 2(e) of the Habeas Rules, which states: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Petitioner states in the current motion that three different courts entered a judgment that he wishes to challenge and that he also wishes to challenge "two judgment order[s]" that denied motions he filed in the state district court. (Doc. 12, p. 1.) Petitioner believes that this means he must file five separate federal habeas petitions. *Id.* He asks the Court to stay this matter and hold it in abeyance until "all five petition[s] are filed." *Id.*

Liberally construing the motion to stay, Petitioner identifies the "judgments" he wishes to challenge as (1) the judgment of the district court; (2) the judgment of the Kansas Court of Appeals; (3) the judgment of the Supreme Court of Kansas; and (4 and 5) Kansas District Judge Bill Klapper's "judgment an[d] order[s] on two motion[s]." *Id.* at 2. It further appears from the motion that Petitioner anticipates dividing his arguments so that one petition will address ineffective assistance of trial counsel, another will address ineffective assistance of direct-appeal counsel, a third will address the "judgment" denying his motion to dismiss that was based on the argument that his constitutional speedy trial rights were violated, and a fourth will address the "judgment" denying his "Motion [on the] Right to remain silent." *Id.* at 5-6.

Petitioner asks the Court how to proceed in filing his additional four petitions, namely whether the Court wishes him to provide a motion for leave to proceed in forma pauperis and a bank statement for each petition. *Id.* at 2. He further states that he seeks the appointment of counsel

4

and a jury trial "on all fact finding matters." *Id.* He points out that he has limited time left in the one-year federal habeas statute of limitations in which to file the additional four petitions, so he asks the Court to stay the statute of limitations. *Id.* at 2-5.

It appears that Petitioner has misunderstood the meaning of the term "judgment" in the federal habeas context. The Tenth Circuit has explained:

> [U]nder § 2254, we may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." As the Supreme Court instructed in *Burton v. Stewart*, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (quoting *Berman v. United States,* 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)); *Ferreira v. Sec'y Dep't of Corr.,* 494 F.3d 1286, 1293 (11th Cir.2007) ("[The Supreme Court's decision in] *Burton* makes clear that the writ [of habeas corpus] and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement. What this Court has previously called the judgment of conviction and the sentencing judgment *together* form the judgment that imprisons the petitioner."), *cert. denied*[] 555 U.S. 1149, 129 S. Ct. 1033, 173 L. Ed. 2d 315 (2009).

*Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009).

In other words, the "judgment" referenced in Rule 2(e) of the Habeas Rules and in 28 U.S.C. § 2254 is "the judgment causing the habeas applicant's confinement, not merely any decision in the applicant's case." *Verge v. Williams*, 2024 WL 340394 (10th Cir. Jan. 30, 2024) (unpublished) (citing 28 U.S.C. § 2254(a), (b)(1) and *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). In this case, Petitioner seeks to challenge only one judgment: the convictions and sentences in case number 2013-CR-1043 in the District Court of Wyandotte County, Kansas. The opinions by the Kansas Court of Appeals or the Kansas Supreme Court in Petitioner's direct appeal or his K.S.A. 60-1507 proceedings are not additional "judgments," as that word is used in Rule 2(e). Nor are orders from Judge Klapper denying motions "judgments" under Rule 2(e). Rather, the judgment consists of the convictions and sentences in case number 2013-CR-1043.

A practical example of a petition violating Rule 2(e)'s prohibition on challenging judgments by more than one court can be found in *Portley-El v. Brill, et al.*, 380 Fed. Appx. 744 (10th Cir. May 27, 2010) (unpublished). In that case, Mr. Portley-El "was convicted of various crimes by three different Colorado State district courts" and was sentenced in each district court separately. *See id.* at 744. Mr. Portley-El then filed a single federal habeas petition that "challenged five judgments of conviction rendered by three different Colorado state district courts (Denver, Adams County, and Arapahoe County district courts)." *Id.* at 745.

The Federal District Court for the District of Colorado directed Mr. Portley-El "to amend his petition . . . to challenge the judgment or judgments of one court only. If Mr. Portley-El wished to challenge his remaining convictions from the other two courts, . . . he could do so by filing separate petitions." *Id.* Ultimately, when Mr. Portley-El failed to amend his petition, the federal district court dismissed it "on the ground that it challenged judgments entered in more than one court, in violation of Rule 2(e) of the [Habeas Rules]." *Id.* In contrast, all five petitions that Petitioner discusses in the motion currently before this Court allege constitutional violations that occurred with respect to a single judgment: the judgment entered in case number 2013-CR-1034 in the District Court of Wyandotte County, Kansas.

The Court recognizes that the meaning of "judgment" in federal habeas matters under 28 U.S.C. § 2254 is a precise legal meaning that may be confusing to Petitioner, who proceeds pro se.[1] The Court appreciates Petitioner's efforts to comply with the directions on the form petition and the applicable Habeas Rules. It does not appear from the information now before this Court,

---

[1] The Court may have unintentionally added to Petitioner's confusion by discussing exhaustion in the M&O. Whether claims are exhausted focuses on when and how a petitioner raised arguments in the state court system. This is different than the analysis to determine whether a petitioner is challenging judgments from multiple state courts, which focuses on whether a petition is challenging convictions and sentences imposed by one state district court or multiple state district courts.

however, that Petitioner should file multiple petitions as he states in his motion he intends to do.

To be clear, Petitioner is not required to file separate petitions based on which state court rejected his various constitutional challenges to the convictions and sentences imposed in case number 2013-CR-1034. Rather, Petitioner should raise *in one petition* all of the grounds on which he asserts the convictions and sentences imposed in case number 2013-CR-1034 have resulted in his currently being "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254. Under 28 U.SC. § 2244(b), "[t]he filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). Thus, any grounds for relief from the convictions and sentences in Wyandotte County district court in case number 2013-CR-1034 that are *not* included in the petition in this case may be unavailable to Petitioner should he try to raise them in a separate petition.

Because the motion to stay this matter and hold it in abeyance is based on an incorrect understanding of the term "judgment," the motion will be denied without prejudice. The Court will, however, grant Petitioner time in which to file a second amended petition, on the required form, that includes every ground for relief Petitioner wishes to assert to challenge the convictions and sentences—or "judgment"—imposed in case number 2013-CR-1034. As explained in the M&O, grounds that assert only the violation of state law, grounds that assert actual innocence as a freestanding basis for relief, and grounds that assert ineffective assistance of counsel in Petitioner's K.S.A. 60-1507 proceedings may be dismissed because federal habeas relief cannot be granted on those grounds. (*See* Doc. 7, p. 7-10.) Once the second amended petition is filed, the Court will review it under Rule 4 and will issue further orders as necessary. If Petitioner fails to timely file a second amended petition, the Court will proceed with the Rule 4 screening of the amended petition (Doc. 11) and Petitioner may be limited to the ineffective assistance of trial

counsel grounds asserted therein.

**IT IS THEREFORE ORDERED** that the motion to stay and hold in abeyance (Doc. 12) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including December 29, 2025, in which to file a second amended petition in this matter that contains all of the grounds for relief he wishes to assert. The clerk is directed to send § 2254 forms and instructions to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 24th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge