IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEE EDWARD WILLIAMS,**

                              Petitioner,

            v.                                          CASE NO. 25-3188-JWL

**TOMMY WILLIAMS,**

                              Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Lee Edward Williams, a state prisoner incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. Petitioner has been granted leave to proceed in forma pauperis. (Doc. 7.) This matter comes before the Court on Petitioner's second amended petition (Doc. 14), which was filed on November 25, 2025. The Court has conducted the review of the second amended petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will be granted time to show cause, in writing, why Grounds Three and Four of the second amended petition should not be dismissed for the reasons explained below.

      Also before the Court are Petitioner's motion for leave to file a supplementary memorandum in support of his second amended petition (Doc. 15), his motion to strike the initial petition and the amended petition (Doc. 16), and four additional motions, each of which requests an evidentiary hearing on one of the grounds for relief asserted in the second amended petition (Docs. 17 through 20.) For the reasons explained below, the motion for leave to file a supplementary memorandum will be granted in part and denied in part, the motion to strike will be denied, and the motions for evidentiary hearing will be denied as premature.

**Background**

In May 2016, a jury in Wyandotte County, Kansas convicted Petitioner of first-degree premeditated murder and criminal possession of a firearm. (Doc. 1, p. 1-2.) The state district court sentenced him to life in prison without the possibility of parole for 25 years for the murder conviction and a consecutive sentence of 20 months in prison for the criminal possession of a firearm conviction. *Id.* at 1; *see also State v. Williams*, 308 Kan. 1320, 1323 (2018) (*Williams I*). Petitioner appealed to the Kansas Supreme Court (KSC), arguing that prosecutorial error, racial discrimination during jury selection, the admission at trial of certain autopsy photographs, and cumulative error required reversal of his convictions and sentences. *Williams I*, 308 Kan. at 1321. In an opinion issued on October 26, 2018, the KSC affirmed. *Id.* at 1320-21. Petitioner advises that he filed a petition for writ of certiorari in the United States Supreme Court that was denied on January 30, 2019. (Doc. 1, p. 3.)

On October 23, 2019, Petitioner filed in state district court a petition for habeas corpus relief under K.S.A. 60-1507. *Id.* The state district court summarily denied the motion and, on appeal, the Kansas Court of Appeals (KCOA) affirmed the denial. *Id.*; *see also Williams v. State*, 2025 WL 573882, *1 (Kan. Ct. App. Feb. 21, 2025) (unpublished) (*Williams II*), *rev. denied* July 31, 2025. The KSC denied Petitioner's petition for review on July 31, 2025.

On September 12, 2025, Petitioner filed in this Court the petition for federal habeas relief that began this case. (Doc. 1.) The currently controlling second amended petition was filed on November 25, 2025 and asserts four grounds for relief. (Doc. 14.) Liberally construed, Ground One of the pro se second amended petition argues that the state appellate courts unreasonably applied established federal law in finding that Petitioner did not receive unconstitutionally ineffective assistance of counsel. *Id.* at 5. As Ground Two, he argues that the KSC unreasonably

2

applied federal law in finding that prosecutorial misconduct did not violate Petitioner's right to a fair trial. *Id.* at 6.

As Ground Three, Petitioner argues that the state appellate courts unreasonably applied established federal law to his argument that his Sixth Amendment right to a speedy trial was violated. *Id.* at 8. Liberally construing Ground Four, Petitioner argues that the state appellate courts unreasonably applied established federal law when analyzing his argument that his constitutional right to remain silent was violated. As relief, Petitioner seeks an order appointing counsel[1], an order scheduling an evidentiary hearing, and all other relief to which he is entitled. *Id.* at 14.

## Standards of Initial Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the petition during this review, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were

---

[1] If Petitioner wishes to seek the appointment of counsel in this matter, he must file a motion for appointment of counsel. It is not sufficient to broadly request counsel in the second amended petition. In addition, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished). The decision whether to appoint counsel rests in the Court's discretion and the Court may appoint counsel if it determines that the interest of justice so requires. *See Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994); 18 U.S.C. § 3006A(a)(2)(B). Petitioner bears the burden to convince the Court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court will consider "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Exhaustion Standards

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the either the KCOA or the KSC, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

## Discussion

Ground One focuses on the state courts' resolution of Petitioner's claim of ineffective assistance of counsel. (Doc. 14, p. 5.) From the materials now before this Court, it appears that Ground One was properly exhausted because Petitioner raised it to the KCOA in his K.S.A. 60-1507 appeal and the KCOA rejected it on the merits. *See Williams II*, 2025 WL 573882, at *4-6. The KSC then denied Petitioner's petition for review.

Ground Two focuses on the state courts' resolution of Petitioner's prosecutorial misconduct claim. (Doc. 14, p. 6.) Petitioner asserts in the second amended petition that he did not

raise this issue in his direct appeal but he raised it in his K.S.A. 60-1507 motion and in the appeal from the denial of that motion, which the Court will refer to as "the 60-1507 appeal." *Id.* at 7. But there is no indication in the KCOA's opinion in the 60-1507 appeal that Petitioner raised prosecutorial error or prosecutorial misconduct. *See Williams II*, 2025 WL 573882. The brief filed on Petitioner's behalf in the 60-1507 appeal, which is available on Westlaw, acknowledges that a constitutional claim of prosecutorial error existed in Petitioner's K.S.A. 60-1507 motion filed in the state district court. *See* Appellant's Brief in Case No. 127,555, 2024 WL 3468681, *3 (filed July 2, 2024). But neither of the issues argued in the brief related to prosecutorial error or misconduct. *See id.* at *1-26; *see also Williams II*, 2025 WL 573882, at *3 ("While Williams raised several issues in his 60-1507 motion, he only addresses two on appeal—the alleged violation of his statutory speedy trial rights and ineffective assistance by his trial counsel.").

Nevertheless, it does appear that Petitioner exhausted the arguments now raised in Ground Two of his second amended federal habeas petition. The KSC's opinion in Petitioner's direct appeal reflects that Petitioner raised prosecutorial error as an issue and that the KSC recognized that the issue implicated Petitioner's due process right to a fair trial. *See Williams I*, 308 Kan. at 1323-25. The KSC addressed the issue on the merits and concluded that no prosecutorial error occurred. *Id.* at 1323-27. Thus, Ground Two appears exhausted.

Ground Three focuses on Petitioner's Sixth Amendment right to a speedy trial. (Doc. 14, p. 8.) Petitioner advises that he did not raise this issue in his direct appeal, but he raised it in his K.S.A. 60-1507 motion and the 60-1507 appeal. *Id.* at 8-9. A review of the KCOA's opinion in the 60-1507 appeal, however, reveals only discussion of Petitioner's *statutory* speedy trial rights under K.S.A. 22-3402, not his Sixth Amendment speedy trial right. *See Williams II*, 2025 WL 573882, at *1, 3-4.

5

The brief filed on Petitioner's behalf in the K.S.A. 60-1507 appeal recognized that the statutory and constitutional rights to a speedy trial "are two separate rights with different tests and different burdens. [Citations omitted.]" *See* 2024 WL 3468681, at *12. Shortly after, the brief stated: "While Williams' claim is statutory, this is no less fundamental in Kansas law than its constitutional counterpart," and it continued to discuss the Kansas speedy trial statute. *See id*. This clearly indicates that the speedy trial claim before the KCOA was statutory, not constitutional.

The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citation omitted). The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275. This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

In order to have given the state appellate courts a "fair opportunity" to resolve federal constitutional claims, Petitioner must have presented to the state court the same claim on which he now seeks federal habeas relief. The Tenth Circuit recently reaffirmed this principle, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and

6

> verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

Here, there is no indication that Petitioner presented to the Kansas appellate courts an argument that his *Sixth Amendment* speedy trial rights were violated, which is the argument made in Ground Three of the second amended petition now before this Court. (*See* Doc. 14, p. 8.) Thus, Petitioner did not properly exhaust the argument now in Ground Three.[2]

Ground Four of the second amended petition focuses on Petitioner's right to remain silent under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. 14, p. 9.) Petitioner states in the second amended petition that he did not raise this issue in his direct appeal, but he raised it in his K.S.A. 60-1507 motion and in the 60-1507 appeal. *Id.* at 10. But nothing in the KCOA's opinion or in the brief filed in the 60-1507 appeal reflect that Petitioner raised any issue related to his right to remain silent. *See Williams II*, 2025 WL 573882, at *1-6; 2024 WL 3468681, at *1-26. Nor is there any indication that such an issue was raised in Petitioner's direct appeal. *See Williams I*, 308 Kan. at 1321 ("He argues reversal is required because of (1) prosecutorial error during closing arguments . . . ; (2) trial court error . . . during jury selection; (3) trial court error in admitting overly gruesome autopsy photographs; and (4) cumulative error."). Thus, as with Ground Three, it appears that Petitioner did not properly exhaust the argument now in Ground Four.

---

[2] Liberally construed, Petitioner's "Motion for leave to file Supplementary memorandum in support" may have been intended to argue, in part, that Petitioner could not exhaust certain claims because there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. (*See* Doc. 15, p. 1); *see also Bland*, 459 F.3d at 1011. But the argument is not clear. If Petitioner wishes to clarify his argument in his written response to this order, he may do so.

7

If Petitioner believes that Ground Three and/or Ground Four was properly exhausted, he may make that argument in writing in his response to this order. To show proper exhaustion, Petitioner must show this Court where he argued to the KCOA or the KSC that his Sixth Amendment right to a speedy trial was violated (Ground Three) and that his federal constitutional right to remain silent was violated (Ground Four). He also must show that the KCOA or the KSC ruled on the merits of his argument. If Petitioner does so, the Court will reconsider whether the grounds are exhausted.

If the Court is correct that Grounds Three and Four of the second amended petition were not properly exhausted, the question becomes whether there is a way for Petitioner to return to state court to properly exhaust them. If Petitioner knows of a procedurally proper way in which he could return to state court and present the arguments in Grounds Three and Four to the state courts, he should inform this Court, in writing, and the Court will consider staying this case or dismissing it without prejudice so that Petitioner can return to state court to exhaust his claims. If, however, Petitioner would be procedurally barred from now presenting the state courts with the arguments in Grounds Three and Four, there is an anticipatory procedural bar that prevents the federal court from addressing Grounds Three and Four of the second amended petition on their merits. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). The claim is referred to as being barred by anticipatory procedural default.

It appears at this time that no procedural avenue exists by which Petitioner could return to state court to exhaust the arguments in Grounds Three and Four of his second amended petition. Petitioner's direct appeal is final, as is his K.S.A. 60-1507 action. Any future K.S.A. 60-1507 action Petitioner might bring to raise trial errors such as those now asserted in Grounds Three and Four of the second amended federal habeas petition would likely be barred as a successive motion,

*see* K.S.A. 60-1507(c), and as untimely, *see* K.S.A. 60-1507(f). Moreover, the KSC has clearly held that "a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court." *See State v. Brown*, 318 Kan. 446, 448-49 (2024). From this state law, it appears that the arguments in Ground Three and Ground Four of the second amended petition are barred by anticipatory procedural default.

A petitioner's claim that is barred by anticipatory procedural default cannot be considered in a federal habeas corpus action unless he (1) establishes cause and prejudice for his default of state court remedies or (2) establishes that a fundamental miscarriage of justice will occur if this Court does not consider his claims. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). For example, to show cause for the failure to exhaust issues Petitioner raised to the state district court but not the state appellate court, Petitioner must show that some objective factor external to the defense impeded his ability to raise the issue on appeal. He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

At times, the failure to exhaust may be attributed to counsel's decision to raise only certain issues to the appellate courts. The United States Supreme Court has explained that in order for

9

ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). This means that for a federal habeas petitioner to use the ineffective assistance of direct appeal counsel as cause to excuse the anticipatory procedural default of a ground for federal habeas relief, he must have argued *that* ineffective assistance of counsel claim to the state courts.[3]

An anticipatory procedural default also may be excused, meaning that this Court will reach the merits of the claim, if Petitioner can show that the failure to consider the merits of the claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). This exception requires a colorable showing of "'factual innocence not mere legal insufficiency.'" *See O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The actual innocence exception is sometimes called a gateway because, if successful, a

---

[3] For example, a petitioner who believes direct appeal counsel was ineffective for failing to argue Issue X might want to argue that direct appeal counsel's ineffectiveness was the cause of the failure to properly exhaust Issue X. To successfully do so, that petitioner would need to show that he or she argued to the state appellate courts that direct appeal counsel was unconstitutionally ineffective for refusing to raise Issue X. The petitioner would also need to show that he or she was prejudiced by direct appeal counsel's refusal to raise Issue X.

petitioner is not guaranteed federal habeas relief. Instead, if a petitioner successfully makes a colorable showing of actual innocence, he passes through the gateway otherwise closed by the procedural default of a claim, meaning that the federal court may consider the merits of the defaulted claim. The Tenth Circuit has made clear:

> [T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for the actual innocence exception, Petitioner must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

## Conclusion

After conducting the required initial Rule 4 review of the second amended petition, the Court concludes that Grounds Three and Four appear to be barred by anticipatory procedural default. Petitioner will be given time in which to submit a written response in which he shows either that Grounds Three and/or Four were properly exhausted or that avenues remain by which Petitioner could properly return to state court and exhaust his arguments. In the alternative, Petitioner may choose to argue that this Court should consider the merits of Grounds Three and

11

Four regardless of his failure to properly exhaust them by showing (1) cause and prejudice or (2) that a fundamental miscarriage of justice will occur if the Court declines to consider the arguments on their merits. After Petitioner files his response to this order, the Court will review it carefully and will issue additional orders. If Petitioner fails to timely file a response to this order, Grounds Three and Four of the second amended petition will be dismissed without further prior notice to Petitioner and this matter will proceed only on Grounds One and Two of the second amended petition.

### Motion for Leave to File Supplementary Memorandum (Doc. 15)

Petitioner has filed a document titled "Motion for leave to file Supplementary Memorandum in support." (Doc. 15.) This motion is difficult to understand. Initially, it states Petitioner's intention "to address no adequate remedy available in the state courts, there is an absence of avai[la]ble state corrective process, and the exist[e]nce of circumstances render such process ineffective to protect the rights afforded to [him]." *Id.* at 1. But the motion then proceeds to law governing the relation back of an amended pleading. *Id.* at 1-2. It also argues the merits of Petitioner's asserted grounds for relief. *See id.* at 2-4.

Other portions of the motion, however, are less comprehensible and appear to attempt to consolidate and incorporate by reference prior filings with this Court. For example, page 4 of the motion contains a section titled "supplementary to second amended petition claim one" that begins:

> In reviewing ground two on page 7, 2. Amen, will consolidate with ground two of the page 11 of the memorandum support of law 28 2254, grond six page 16 of the memorandum of support of law 28 2254. The proper relief sought and supplementary to the 2 Amended petition ground two unreasonable application of *State v. Garza*, 290 Kan. 1021, 1034 236 P.3d 501 (2010) Williams formed the premeditation when he tried to drag her outside.

(Doc. 15, p. 4 (all errors in original).) Even liberally construing the motion, as is appropriate since Petitioner proceeds pro se, the Court is not certain that it understands Petitioner's purpose in filing

the motion.

To the extent that Petitioner seeks to incorporate by reference portions of a memorandum filed in support of the initial petition or the amended petition in this matter, the motion is denied. If Petitioner wishes to file a memorandum in support of his second amended petition, he may do so. But it must relate directly to the second amended petition and it may not refer the reader back to memoranda submitted in support of previous petitions. It should be complete in and of itself.

Similarly, if Petitioner wishes to argue that he could not exhaust his claims in state court due to the absence of available state corrective process, he should do so in a written response to this order, not only in a memorandum in support of the second amended petition. The Court will not search a memorandum in support of the second amended petition in order to locate and compile arguments on exhaustion. Petitioner will be granted to and including January 8, 2025 in which to file a memorandum in support of his second amended petition.

## Motion Requesting to Strike (Doc. 16)

Petitioner asks the Court to strike his initial petition (Doc. 1), filed on September 12, 2025, and his amended petition (Doc. 11), filed on November 17, 2025. (Doc. 16, p. 1.) The motion will be denied. It is not necessary to strike these pleadings from the record. Petitioner is assured that the Court understands and will make clear to Respondent, if necessary, that the controlling petition in this matter is the second amended petition (Doc. 14), filed on November 25, 2025.

## Motions for Evidentiary Hearings (Docs. 17, 18, 19, and 20)

Petitioner has filed four motions, one for each ground for relief asserted in the second amended petition, seeking an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 8(a) states: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court

proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The United States Supreme Court has explained:

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the standard to expand the state-court record is a stringent one. If a prisoner has "failed to develop the factual basis of a claim in State court proceedings," a federal court "shall not hold an evidentiary hearing on the claim" unless the prisoner satisfies one of two narrow exceptions, see 28 U.S.C. § 2254(e)(2)(A), and demonstrates that the new evidence will establish his innocence "by clear and convincing evidence," § 2254(e)(2)(B). In all but these extraordinary cases, AEDPA "bars evidentiary hearings in federal habeas proceedings initiated by state prisoners." *McQuiggin v. Perkins*, 569 U.S. 383, 395, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013)."

*Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).

"[E]ven if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence. . . . [T]he decision to permit new evidence must be informed by principles of comity and finality that govern every federal habeas case. [Citation omitted.]" *Id.* at 381-82. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.").

The case now before the Court is still in the phase of proceedings in which the Court conducts the review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As seen in this order, the Court is in the midst of determining which claims should proceed. The Court has not yet ordered an answer in this case nor has it ordered Respondent to provide the relevant state-court records. Thus, the case is not at the point where the Court can consider whether Rule 8 requires or allows an evidentiary hearing on any of the grounds for relief. The motions for evidentiary hearing will therefore be denied as premature without prejudice to refiling a motion for evidentiary hearing at the appropriate time.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **January 8, 2026**, to submit a written response to this order that shows cause why Grounds Three and Four of the second amended petition should not be dismissed as barred by anticipatory procedural default. If Petitioner fails to timely file a written response, Grounds Three and Four will be dismissed without further prior notice to him and this matter will proceed on Grounds One and Two only.

**IT IS FURTHER ORDERED** that the motion for leave to file supplementary memorandum (**Doc. 15**) is **granted in part and denied in part.** To the extent that Petitioner attempts in his motion to incorporate by reference portions of memoranda filed in support of the initial petition or the amended petition, the motion is denied. Petitioner is granted until and including **January 8, 2026** in which to file a memorandum in support of the second amended petition which is complete in and of itself.

**IT IS FURTHER ORDERED** that the motion to strike (**Doc. 16**) is **denied** for the reasons set forth in this order.

**IT IS FURTHER ORDERED** that the motions requesting an evidentiary hearing (**Docs. 17, 18, 19, and 20**) are **denied as premature** without prejudice to refiling at the appropriate time as set forth in this order.

**IT IS SO ORDERED.**

DATED:   This 8th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge