IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEE EDWARD WILLIAMS,**

                Petitioner,

      v.                                          CASE NO. 25-3188-JWL

**TOMMY WILLIAMS,**

                Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Lee Edward Williams, a state prisoner currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. Petitioner proceeds in forma pauperis. (Doc. 7.) This matter comes now before the Court on Petitioner's motion for appointment of counsel (Doc. 23) and his response (Doc. 22) to the Court's memorandum and order (Doc. 21) regarding anticipatory procedural default of Grounds Three and Four. For the reasons explained below, the Court will dismiss Grounds Three and Four of the second amended petition and will order Respondent to file an answer to the remaining grounds for relief.

### Background

In May 2016, a jury in Wyandotte County, Kansas convicted Petitioner of first-degree premeditated murder and criminal possession of a firearm. (Doc. 1, p. 1-2.) The state district court sentenced him to life in prison without the possibility of parole for 25 years for the murder conviction and a consecutive sentence of 20 months in prison for the criminal possession of a firearm conviction. *Id.* at 1; *see also State v. Williams*, 308 Kan. 1320, 1323 (2018) (*Williams I*). Petitioner appealed to the Kansas Supreme Court (KSC), which affirmed. *Id.* at 1320-21. Petitioner filed a petition for writ of certiorari in the United States Supreme Court that was denied on January

1

30, 2019. (Doc. 1, p. 3.)

On October 23, 2019, Petitioner filed in state district court a petition for habeas corpus relief under K.S.A. 60-1507. *Id.* The state district court summarily denied the motion and, on appeal, the Kansas Court of Appeals (KCOA) affirmed the denial. *Id.*; *see also Williams v. State*, 2025 WL 573882, *1 (Kan. Ct. App. Feb. 21, 2025) (unpublished) (*Williams II*), *rev. denied* July 31, 2025. The KSC denied Petitioner's petition for review on July 31, 2025.

On September 12, 2025, Petitioner filed in this Court the petition for federal habeas relief that began this case. (Doc. 1.) The currently controlling second amended petition was filed on November 25, 2025 and asserts four grounds for relief. (Doc. 14.) Liberally construed, Ground One argues that the state appellate courts unreasonably applied established federal law in finding that Petitioner did not receive unconstitutionally ineffective assistance of counsel. *Id.* at 5. As Ground Two, he argues that the KSC unreasonably applied federal law in finding that prosecutorial misconduct did not violate Petitioner's right to a fair trial. *Id.* at 6. As Ground Three, Petitioner argues that the state appellate courts unreasonably applied established federal law to his argument that his Sixth Amendment right to a speedy trial was violated. *Id.* at 8. Liberally construing Ground Four, Petitioner argues that the state appellate courts unreasonably applied established federal law when analyzing his argument that his constitutional right to remain silent was violated.

The Court reviewed the second amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on December 8, 2025, issued a memorandum and order to show cause ("MOSC"). (Doc. 21.) After setting forth the standards applied during a Rule 4 review, the MOSC explained general principles of exhaustion. *Id.* at 3-4. It concluded that Grounds One and Two of the second amended petition appear, for purposes of this initial review, to be exhausted. *Id.* at 4-5. With respect to Grounds Three and Four,

the MOSC explained:

> Ground Three focuses on Petitioner's Sixth Amendment right to a speedy trial. (Doc. 14, p. 8.) Petitioner advises that he did not raise this issue in his direct appeal, but he raised it in his K.S.A. 60-1507 motion and the 60-1507 appeal. *Id.* at 8-9. A review of the KCOA's opinion in the 60-1507 appeal, however, reveals only discussion of Petitioner's *statutory* speedy trial rights under K.S.A. 22-3402, not his Sixth Amendment speedy trial right. *See Williams II*, 2025 WL 573882, at *1, 3-4.
>
> The brief filed on Petitioner's behalf in the K.S.A. 60-1507 appeal recognized that the statutory and constitutional rights to a speedy trial "are two separate rights with different tests and different burdens. [Citations omitted.]" *See* 2024 WL 3468681, at *12. Shortly after, the brief stated: "While Williams' claim is statutory, this is no less fundamental in Kansas law than its constitutional counterpart," and it continued to discuss the Kansas speedy trial statute. *See id*. This clearly indicates that the speedy trial claim before the KCOA was statutory, not constitutional.
>
> The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citation omitted). The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275. . . .
>
> In order to have given the state appellate courts a "fair opportunity" to resolve federal constitutional claims, Petitioner must have presented to the state court the same claim on which he now seeks federal habeas relief. . . .
>
> . . . .
>
> Here, there is no indication that Petitioner presented to the Kansas appellate courts an argument that his *Sixth Amendment* speedy trial rights were violated, which is the argument made in Ground Three of the second amended petition now before this Court. (*See* Doc. 14, p. 8.) Thus, Petitioner did not properly exhaust the argument now in Ground Three.[1]
>
> Ground Four of the second amended petition focuses on Petitioner's right to remain silent under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. 14, p. 9.) Petitioner states in the second amended petition

---

[1] Liberally construed, Petitioner's "Motion for leave to file Supplementary memorandum in support" may have been intended to argue, in part, that Petitioner could not exhaust certain claims because there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. (*See* Doc. 15, p. 1); *see also Bland*, 459 F.3d at 1011. But the argument is not clear. If Petitioner wishes to clarify his argument in his written response to this order, he may do so.

> that he did not raise this issue in his direct appeal, but he raised it in his K.S.A. 60-1507 motion and in the 60-1507 appeal. *Id.* at 10. But nothing in the KCOA's opinion or in the brief filed in the 60-1507 appeal reflect that Petitioner raised any issue related to his right to remain silent. *See Williams II*, 2025 WL 573882, at *1-6; 2024 WL 3468681, at *1-26. Nor is there any indication that such an issue was raised in Petitioner's direct appeal. *See Williams I*, 308 Kan. at 1321 ("He argues reversal is required because of (1) prosecutorial error during closing arguments . . . ; (2) trial court error . . . during jury selection; (3) trial court error in admitting overly gruesome autopsy photographs; and (4) cumulative error."). Thus, as with Ground Three, it appears that Petitioner did not properly exhaust the argument now in Ground Four.

(Doc. 21, p. 5-7 (footnotes and emphasis in original).)

The MOSC further explained that "[i]f Petitioner knows of a procedurally proper way in which he could return to state court and present the arguments in Grounds Three and Four to the state courts, he should inform this Court, in writing . . . ." *Id.* at 8. It appeared to the Court, however, that no such procedural avenue exists, meaning that the arguments in Grounds Three and Four are subject to an anticipatory procedural bar. *Id.* at 8-9. The MOSC therefore explained:

> A petitioner's claim that is barred by anticipatory procedural default cannot be considered in a federal habeas corpus action unless he (1) establishes cause and prejudice for his default of state court remedies or (2) establishes that a fundamental miscarriage of justice will occur if this Court does not consider his claims. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

(Doc. 21, p. 9.)

After identifying the requirements to show cause and prejudice and to establish that a fundamental miscarriage of justice will occur if the Court does not consider Petitioner's arguments in Grounds Three and Four, *id.* at 9-11, the MOSC granted Petitioner time in which to file a written response showing

> that Grounds Three and/or Four were properly exhausted or that avenues remain by which Petitioner could properly return to state court and exhaust his arguments. In the alternative, Petitioner may choose to argue that this Court should consider the merits of Grounds Three and Four regardless of his failure to properly exhaust them by showing (1) cause and prejudice or (2) that a fundamental miscarriage of justice

4

will occur if the Court declines to consider the arguments on their merits. *Id.* at 11-12. Petitioner timely filed a response to the MOSC. (Doc. 22.) The Court has carefully considered the response and is now prepared to rule on whether Grounds Three and Four of the second amended petition must be dismissed because consideration of their merits is barred by the doctrine of anticipatory procedural default.

## Rule 4 Standards of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Discussion

Even liberally construing Petitioner's pro se response to the MOSC, he does not dispute the Court's conclusion that neither Ground Three nor Ground Four was properly exhausted. (Doc. 22.) He briefly reminds the Court that he made a statutory speedy trial argument to the state courts, but as the MOSC explained, raising a statutory speedy trial claim does not exhaust a *constitutional* speedy trial claim. (*See* Doc. 21, p. 5-7.) Thus, Petitioner has not shown that either Ground Three or Ground Four was properly exhausted.

5

Similarly, even when the response to the MOSC is liberally construed, it does not assert a claim that Petitioner is actually innocent, nor has Petitioner submitted to this Court new, reliable evidence in support of such a claim. (Doc. 22.) Therefore, the Court will not address the actual innocence exception to the exhaustion requirement. It will focus, as Petitioner does in his response to the MOSC, on whether there was cause for the failure to exhaust Grounds Three and Four and whether Petitioner suffered actual prejudice as a result of the alleged violations of federal law asserted in Grounds Three and Four. (Doc. 22, p. 4.)

As the MOSC set forth:

> To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). For example, to show cause for the failure to exhaust issues Petitioner raised to the state district court but not the state appellate court, Petitioner must show that some objective factor external to the defense impeded his ability to raise the issue on appeal. He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.
>
> At times, the failure to exhaust may be attributed to counsel's decision to raise only certain issues to the appellate courts. The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). This means that for a federal habeas petitioner to use the ineffective assistance of direct appeal counsel as cause to excuse the anticipatory procedural default of a ground for federal habeas relief, he must have argued *that* ineffective assistance of counsel claim to the state courts.[2]

---

[2] For example, a petitioner who believes direct appeal counsel was ineffective for failing to argue Issue X might want to argue that direct appeal counsel's ineffectiveness was the cause of the failure to properly exhaust Issue X. To successfully do so, that petitioner would need to show that he or she argued to the state appellate courts that direct appeal counsel was unconstitutionally ineffective for refusing to raise Issue X. The petitioner would also need to show

(Doc. 21, p. 9-10 (footnote in original).)

Petitioner argues that ineffective assistance of counsel was the cause of the failure to exhaust Grounds Three and Four. (Doc. 22, p. 4, 7.) He identifies three attorneys whom he asserts provided ineffective assistance of counsel by failing to make the constitutional speedy trial argument now in Ground Three. *Id.* at 4. He also argues that direct-appeal counsel refused to brief the argument now in Ground Four, which is based on the constitutional right to remain silent, despite Petitioner requesting that he do so. *Id.* at 7. *Id.* Petitioner highlights the importance of the Sixth Amendment and the fundamental right to a speedy trial, noting the historical significance of the right. *Id.* at 5-7. He contends that the arguments in Grounds Three and Four of the second amended petition are meritorious and that he has sufficiently shown cause and prejudice to allow the Court to consider the merits of these arguments. *Id.* at 7.

This argument fails because Petitioner has not shown that he has ever argued to the state appellate courts that the attorneys identified in his response provided unconstitutionally ineffective assistance by failing to argue the violation of either his constitutional right to a speedy trial or his constitutional right to remain silent. And the Court's review of the publicly available brief filed in Petitioner's K.S.A. 60-1507 appeal does not include those arguments, nor has the Court's independent research revealed any proceeding in which a Kansas appellate court has been fairly presented with the merits of such arguments. Thus, as explained in the MOSC, Petitioner cannot successfully rely on the ineffective assistance of counsel as the "cause" for the failure to properly exhaust.

It is clear from Petitioner's submissions to this Court that he strongly believes his constitutional rights to a speedy trial and to remain silent were violated during his trial and the

---

that he or she was prejudiced by direct appeal counsel's refusal to raise Issue X.

subsequent proceedings.[3] However, the only questions before this Court at this point in time, are whether Petitioner properly exhausted in state court the arguments he now makes in Grounds Three and Four of his second amended petition and, if not, whether he has shown either (1) cause and prejudice or (2) that he should be allowed to pass through the actual innocence gateway so that the Court can reach the merits of arguments that were not properly exhausted. For the reasons explained above and in the MOSC, the Court concludes that Grounds Three and Four of the second amended petition were not properly exhausted, consideration of the merits of Grounds Three and Four is barred by the doctrine of anticipatory procedural default, and Petitioner has not shown that either exception to this doctrine applies here. Accordingly, Grounds Three and Four must be dismissed with prejudice.

### Motion for Appointment of Counsel (Doc. 23)

Also before the Court is Petitioner's motion for appointment of counsel. (Doc. 23.) Petitioner asks the Court to appoint counsel because he is unable to afford counsel, his imprisonment greatly limits his ability to litigate this matter, and he anticipates presenting evidence in this case, including witnesses who will need to be cross-examined. *Id.* at 1-2.

The Court has considered Petitioner's motion for appointment of counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the

---

[3] In his motion for appointment of counsel, Petitioner argues that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas proceedings brought under 28 U.S.C. § 2254 and includes the exhaustion requirement, unconstitutionally restricts his "right to be heard." (*See* Doc. 23, p. 2.) To the extent that this argument could be liberally construed as a response to the MOSC, it is unpersuasive. Petitioner cites no legal authority to support his claims, instead relying on his own belief "that the constitution is a vested right . . . that may not be taken away by [C]ongress enacting the AEDPA in 1996 [and] codify[ing] all the Supreme Court decisions limiting habeas review for all prisoner[s], turning the procedural default . . . and total exhaustion rules into law." *Id.* Moreover, the United States Supreme Court held even before AEDPA that state prisoners seeking federal habeas relief must first fairly present their federal constitutional claims to state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on the applicant to convince the court to appoint of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court concludes that the interest of justice does not require appointment of counsel in this case at this stage. Petitioner has ably articulated the arguments in Grounds One and Two, which are not overly complex. Petitioner's concerns about navigating evidentiary proceedings without the assistance of counsel are likely unfounded. Federal courts generally do not accept new evidence or hold evidentiary hearings in proceedings under 28 U.S.C. § 2254. *See Simpson v. Carpenter*, 912 F.3d 542, 575 (10th Cir. 2018) ("Generally speaking, federal habeas review 'is "limited to the record that was before the state court that adjudicated the claim on the merits."'" [Citation omitted]."). Therefore, the motion for appointment of counsel will be denied without prejudice. If this case develops in a way that requires counsel, Petitioner may renew his motion. *See* Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District

Courts, 28 U.S.C.A. foll. § 2254 (discussing discovery, expansion of the record, and evidentiary hearings).

## Conclusion

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. The motion for appointment of counsel (**Doc. 23**) is **denied without prejudice** for the reasons set forth in this order.

2. That Grounds Three and Four of the second amended petition (Doc. 14) are **dismissed with prejudice** because the claims therein are subject to anticipatory procedural default and Petitioner has not made the showing required for the Court to consider the merits of claims subject to anticipatory procedural default.

3. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **February 9, 2026** showing why the writ should not be granted based on the arguments in Grounds One and Two of the second amended petition (Doc. 14) and attachments thereto.

4. That the answer should address:

    a. The necessity for an evidentiary hearing on Grounds One and Two as alleged

       in the second amended petition;

  b.  Whether the arguments in Grounds One or Two of the second amended petition are barred by a statute of limitations or any other procedural bar; and

  c.  An analysis of Grounds One and Two and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

5.  That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

6.  That Petitioner be granted to and including **March 11, 2026** to file a traverse, or response, to the answer, admitting or denying, under oath, all factual allegations therein contained.

7.  That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 6th day of January, 2026, at Kansas City, Kansas.

                                      S/ John W. Lungstrum
                                      JOHN W. LUNGSTRUM
                                      United States District Judge